Filed 2/9/24  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050284 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS091855B) |
| v. | |
| RAUL LOPEZ, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION[1]**

Defendant Raul Lopez appeals from the denial of a petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).  (All subsequent undesignated statutory references are to the Penal Code.)  The trial court determined that Lopez failed to make a prima facie case for relief based upon the preliminary hearing transcript in the underlying criminal prosecution.  Lopez argues that the trial court erred in considering the preliminary hearing transcript and in concluding based on that transcript that he failed to make a prima facie case for relief.  The Attorney General concedes that the trial court erred in concluding that Lopez failed to make out a prima facie case, and we accept that concession.

---

[1]  We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

In November 2009, Lopez and his codefendant Jorge Luis Meza Ruiz were charged with a murder for the benefit of a criminal street gang. In February 2013, pursuant to a plea agreement, the prosecution amended the information to add counts of voluntary manslaughter (§ 192, subd. (a)) and street terrorism (§186.22, subd. (a)). With respect to the voluntary manslaughter count, the amended information alleged gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12021.5, subd. (b)). Lopez pleaded guilty to the voluntary manslaughter and street terrorism charges as well as admitting the gang and firearm enhancements. The trial court imposed a stipulated sentence of 25 years on the voluntary manslaughter count with a three-year sentence on the street terrorism stayed pursuant to section 654. In March 2022, Lopez petitioned for resentencing under Senate Bill No. 1437 (2017-1018 Reg. Sess.) (SB 1437) on the ground that he was not the actual killer and did not have an intent kill, and he had been charged with murder under a natural and probable consequences theory.

Effective January 1, 2019, SB 1437 amended the felony murder rule and the natural and probable consequence doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to amending two homicide statutes (*id*., §§ 2-3 [amending sections 188 and 189]), SB 1437 added what is now section 1172.6, which allows convicted murderers to obtain retroactive relief based on SB 1437's restrictions on murder convictions. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) In 2021, the Legislature amended this provision, "[c]larif[ying] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

2

Under section 1172.6, a person convicted of manslaughter may petition to vacate his or her conviction and to be resentenced if three conditions are satisfied: (1) the complaint, information, or indictment filed against the petitioner "allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine"; (2) the petitioner was convicted of murder, attempted murder or manslaughter at trial or "accepted a plea offer in lieu of trial in which the petitioner could have been convicted of murder or attempted murder"; and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made in SB 1437. (§ 1172.6, subd. (a).) If the petition contains adequate information (§ 1172.6, subd. (b)), the trial court will hold a hearing to determine "whether the petitioner has made a prima facie case for relief." (§ 1172.6. subd. (c).) If the petitioner does so, the trial court will issue a show cause order and conduct a hearing to determine whether to vacate the conviction in question and resentence the petitioner on the remaining counts. (§ 1172.6, subd. (d).)

In determining whether a prima facie case for relief has been made, trial courts may examine the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Because the purpose of the prima facie inquiry is "to distinguish petitions with potential merit from those that are clearly meritless," the showing needed to satisfy prima facie requirement is " 'very low.' " (*Id*. at pp. 971-972.) Trial courts may find that a petitioner failed to make out a prima facie case for relief if the record of conviction shows that the jury was not asked to convict the petitioner under a theory barred by SB 1437 (see, e.g., *People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review granted February 24, 2021, S266366, review dismissed December 1, 2021) or that the jury necessarily found the petitioner guilty on a theory that remains viable under SB 1437. (See, e.g., *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-184; *People v. Farfan* (2021) 71 Cal.App.5th 942, 956-957.) However, in determining whether a conviction was based on a theory barred by SB 1437 at the prima facie stage, trial courts may not engage in factfinding; instead, they

must assume that the petitioner's factual allegations are correct and determine " ' "whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Lopez satisfied this standard. As noted above, the petition alleges that Lopez was not the actual killer, that he did not have an intent to kill, and that he was charged with murder under a natural and possible consequences theory. These allegations satisfy the requirements for relief under section 1172.6. They allege that (1) Lopez was charged with "murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)(1)); (2) he accepted a plea offer in lieu of a trial in which he "could have been convicted of murder" (§ 1172.6, subd. (a)(2)); and (3) he "could not presently be convicted of murder" after SB 1473 (§ 1172.6, subd. (a)(3)).

Nor does the record of conviction refute the petition's allegations. There does not appear to be any transcript of the plea colloquy and thus no evidence that Lopez conceded to being the actual killer or having the intent now required under SB 1473 for murder. In addition, even if the evidence presented at the preliminary hearing may be considered part of the record of conviction—an issue that the Supreme Court is currently considering in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670)—it does not preclude the possibility that Lopez was prosecuted under a natural and probable consequences theory. The testimony at the preliminary hearing identified Ruiz, not Lopez, as the person who shot the victim. In addition, while other evidence showed that Lopez and Ruiz were gang members, that Lopez took his brother's truck to drive with Ruiz the night of the murder, and that the person shot was wearing colors associated with a rival gang, the record from the preliminary hearing does not conclusively establish that Lopez intended to kill the victim or knew that Ruiz would do so. Consequently, it is quite plausible that the prosecution sought to prove Lopez guilty of murder on the then-permissible ground that he intended to aid and abet Ruiz in assaulting the victim and the natural and probable consequences of that assault was the

4

victim's death. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 262.) Indeed, in opposing a motion to dismiss, the prosecution invoked the natural and probable consequences doctrine, noting that "[a]n aider and abettor is guilty of both the intended crime and the natural and probable consequence of the crime," and asserting that "[e]ven if Lopez did not know the full extent of Ruiz['s] intentions, he is liable for the natural and possible consequences of what he thought Ruiz's action were to be[,] whether assault or simple confrontation."

The trial court appears to have been unaware that the prosecution invoked a natural probable consequences theory. In concluding that Lopez failed to make out a prima facie case, the court stated that "[t]here was no testimony, no argument, no evidence that the People were proceeding under a natural and probable consequence theory . . . ." This mistake is understandable. In opposing Lopez's petition for resentencing, the prosecution stated that "within the prosecution's closing comments [at the preliminary hearing] there is no mention made of felony murder or of the doctrine of natural and probable consequences" without acknowledging that the prosecution invoked the doctrine in briefing three months after the preliminary hearing. Indeed, in direct contradiction to that briefing, the prosecution represented that there was "no 'target offense' for which felony murder or murder by natural and probable consequences can attach." Now, however, the Attorney General has conceded that defendant "has made a prima facie showing of eligibility, and he is entitled to an evidentiary hearing."

**DISPOSITION**

The judgment is reversed, and this case is remanded with directions to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d)(3). We express no opinion as to how the sentencing court should rule upon conducting the evidentiary hearing.

5

_____

BROMBERG, J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

_____

DANNER, J.

*People v. Lopez*
H050284